MYER (STETTINIUS v.). See Case No. 13,385.

---

## Case No. 9,984.

### In re MYERS.

[2 Hughes (1877) 230.] [1]

Circuit Court, D. Maryland.

BANKRUPTCY—ASSIGNMENT OF PROPERTY—UNDER DECREE OF STATE COURT—VOID PREFERENCE.

1. A trustee, who had misappropriated a fund intrusted to his management, and so turned it

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

over as finally to invest it in property in his own name, finally is adjudicated a bankrupt; but, within six months before adjudication, he had executed a deed of this property for certain proper purposes in obedience to a decree in equity of a state court, before which he was sued as trustee. *Held*, that this assignment was not such as is meant to be declared void by section 5129 of the Revised Statutes of the United States (section 35 of the bankruptcy act of congress [14 Stat. 534]).

2. An assignment within six months of bankruptcy, of real estate acquired before he became trustee, but paid for out of funds acquired under the trust, was not such an act as section 35 makes void.

[Appeal from the district court of the United States for the district of Maryland.]

Petition for review in circuit court. This was a petition on the part of certain creditors of Andrew J. Myers to the district court to have him adjudicated a bankrupt.

The acts of bankruptcy set forth in the petition are, that within six calendar months preceding the date of the petition the alleged bankrupt, being seized and possessed of certain real estate in the district, made an assignment thereof to a certain Edward P. Suter, trustee, with intent to hinder, delay, and defraud his creditors. The deed is dated the 10th day of April, 1876, and it is not disputed that Myers executed and delivered it. It is then alleged that Myers, about the 28th day of March, 1876, suffered and procured his property to be taken upon legal process in favor of Suter, trustee. After the hearing of the petition, and an examination of the facts, the district court refused to declare Myers a bankrupt, and this is an appeal to the supervisory jurisdiction of the circuit court.

The facts pertinent to the questions to be here considered appear to be that Myers, about the 21st of December, 1860, by the circuit court of Baltimore county, in a cause there depending, in which he and his wife were complainants, and a certain Thomas J. Griffith, together with certain infant children of the complainants et al., were defendants, was appointed trustee to execute the trusts contained in the will of a certain Edward Griffith, and as such trustee took possession of a large amount of real and personal property. It further appears that in total disregard of his obligations as trustee, he squandered a large part of the trust property, and by many changes, sales, and transfers, had managed to get the most of that left, and that which was purchased with the proceeds of sale of such as in violation of his trust he had sold, invested in his own name. These facts coming to the knowledge of the cestuis que trust, about the 13th of March, 1876, they filed a petition in the cause depending in the circuit court of Baltimore county, setting them forth, and asking to have a new trustee appointed, and that Myers should be made to account. Myers, about the 28th of March, 1876, answered this petition, admitting the facts alleged, the truth of which could not be denied. The state court, on the same day, passed a

decree removing Myers from his trust, and appointed one Edward P. Suter trustee in his stead. The decree directed Myers to surrender and deliver all the trust property to the new trustee, together with all the property standing in his individual name, or held by him individually, but really belonging to the trust estate, or for the purchase of which the trust funds were used and applied. In compliance with this decree Myers executed the deed of assignment which is here alleged as an act of bankruptcy.

BOND, Circuit Judge. So far as the charge of the petition that Myers procured his property to be taken upon legal process is concerned, it seems to me it is easily settled. The proof is pretty clear that until Myers came into possession of the trust property he had none of his own, or at least but little, and even if he had caused the petition on the part of his cestuis que trust to be filed, of which there is no proof, he could hardly be said to have procured his own property to be taken in execution, for it was not his in any full sense. The assignment in obedience to a decree of a court of equity, which, if he had not made it immediately, ought to have sent him to prison at once for contempt, is not such an assignment as is contemplated by the 35th section of the bankrupt act. But proof is offered to show that one piece of property assigned by Myers to the trustee, Suter, was held by Myers in his own name antecedent to his appointment as trustee of Edward Griffith's will, and the assignment of this piece of property which it is said is not within the terms of the decree of Baltimore county court is an act of bankruptcy. Myers says, however, in his examination, and there is nothing to contradict it, that he borrowed the money to purchase the property in question, and afterwards paid the lender with the money of Griffith's estate. This, it is argued, does not make the property in question part of the trust estate, because the money of the trust is not traced directly to investment in it. But surely it would be hard to adjudge that an act of bankruptcy which stands upon so doubtful a point of equity law. Myers was required by the decree of a court whose confidence he had grossly violated to convey to Suter all property in the purchase of which he had used funds of the trust estate committed to his care. He had not, perhaps, in this instance taken the actual money paid to him as trustee to pay for this particular piece of property, but he repaid the loan which he had made in order to its purchase with trust funds. It is not unlikely, had he not done as he did, and made the transfer, Baltimore county court would have imprisoned him till he complied with the decree, and would have ruled, as it should have done, all doubtful questions of equity against the faithless trustee, leaving their final determination to await the suit of some injured creditor. We do not think this, under the circumstances and facts shown, was an act of bankruptcy on the part of Myers. There is nothing else alleged in the petition of these creditors as an act of bankruptcy which is set out with any particularity. Proof has been offered here, however, of an assignment of an interest in an insurance company; but as that assignment was not specifically set forth in the petition, or mentioned in any way, so as to give the bankrupt notice that he was to be held to answer it, no proof of it was allowed to be given in the district court, but was properly refused. I think the judgment of the district court was correct, and that this petition should be dismissed.